IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOIS F. CORK, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-0371-N-BK |
| | § | |
| NANCY BERRYHILL, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
|     Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGOSTRATE JUDGE

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b)(1)(B), this case has been referred to

the undersigned for Findings, Conclusions, and Recommendation.  The Court now considers the

parties' cross-motions for summary judgment.  For the reasons that follow, Plaintiff's *pro se*

motion for summary judgment (as construed from her response to this Court's *Order to Show*

*Cause*), Doc. 22, should be **DENIED**, *Defendant's Motion for Summary Judgment*, Doc. 24,

should be **GRANTED**, and the decision of the Commissioner should be **AFFIRMED**.

I.  BACKGROUND

A.       Procedural History

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim

for supplemental security income under the Social Security Act ("the Act").  Plaintiff filed for

benefits in June 2011, with the assistance of counsel, claiming that she first became disabled due

to amputation of the middle finger on her right hand.[1]  Doc. 18-4 at 7; Doc. 18-7 at 2-5; Doc. 18-

---

[1] While the record is replete with documentation of Plaintiff's health difficulties prior to June
2011, all of which the Court has considered, the Court generally will only discuss in this
recommendation the medical evidence dating from June 2011 when Plaintiff filed her application
for benefits.  20 C.F.R. § 416.335 (noting that the earliest that SSI benefits can be paid is the

8 at 5.  Plaintiff's application was denied at all administrative levels, and she now appeals to this Court pursuant to 42 U.S.C. § 405(g).  Doc. 18-3 at 2-4; Doc. 18-3 at 10-12; Doc. 18-5 at 6-9.

### B.    Factual Background

Plaintiff was born in 1959 and was 56 years old at the time of the administrative hearing. Doc. 18-3 at 31, 49.  She had a high school education, a year of college, and past relevant work as a certified nursing assistant, mail processing clerk, security guard, and toll collector.  Doc. 18-3 at 50; Doc 18-3 at 72.

As relevant here, in May 2014, Plaintiff reported to staff at Metrocare Services that she had attempted suicide in 2002, but she denied having any psychiatric hospitalizations.  Doc. 18-15 at 21.  The clinician noted that Plaintiff's speech was delayed, she reported "psychosis," but she did not have any delusions, her thought processes were goal directed, she was fully oriented, her memory was intact, her attention was normal, and her insight, judgment, and impulse control were fair.  Doc. 18-15 at 21-22.  Plaintiff was taking medication for her mental health issues. Doc. 18-15 at 22.  She reported that she felt anxious, nervous, and depressed but denied anhedonia (the inability to experience pleasure from activities usually found enjoyable), difficulty concentrating, racing thoughts, mood swings, mania/hypomania, irritability, and paranoia.  Doc. 18-15 at 22.  Plaintiff also complained of insomnia and non-command hallucinations.  Doc. 18-15 at 22.  She was prescribed medication for depression, anxiety, and psychotic symptoms.  Doc. 18-15 at 22.

---

month following the month the application was filed, and the claimant cannot be paid for any prior months even if the claimant met the requirements for SSI benefits earlier).  Additionally, while the ALJ discussed Plaintiff's complaints of osteoarthritis and pain at length, Plaintiff does not list either as a health issue in her pleadings in this Court, so they are not addressed.  *See* Doc. 22 at 1 (listing bipolar disorder, depression, anxiety disorder, mental illness, and asthma as her medical problems).

Plaintiff missed her next two appointments at Metrocare, and did not go back until May

2015. Doc. 18-15 at 26-28. At that time, she reported having paranoid delusions and psychosis,

but her thought processes were goal directed, she was fully oriented, her memory was intact, her

attention was normal, and her insight, judgment, and impulse control were fair. Doc. 18-15 at

29-30. She was prescribed different medications for anxiety, depression, and psychosis. Doc.

18-15 at 38. The following month, the clinician noted that Plaintiff had no sign of psychotic

features or delusions, and her mood was good, although she was anxious. Doc. 18-15 at 33.

### C.    The ALJ's Findings

The ALJ found that Plaintiff had the severe impairments of (1) left knee osteoarthritis; (2)

obesity; (3) gastroesophageal reflux disease; (4) asthma; (5) right index finger amputation; (6)

depressive disorder; and (7) anxiety disorder. Doc. 18-3 at 15. In terms of Plaintiff's ability to

work, the ALJ determined that she had the residual functional capacity ("RFC") to lift 20 pounds

occasionally and ten pounds frequently, push and/or pull with no limitations, and sit/stand/walk

for six hours in an eight-hour workday. Doc. 18-3 at 21. Due to Plaintiff's mental impairments,

the ALJ found that she should avoid fast paced, assembly line work. Doc. 18-3 at 21. The ALJ

concluded that Plaintiff could perform her past relevant work as a security guard, toll both

attendant, and mail clerk. Doc. 18-3 at 26.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C.

§ 423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine

whether a claimant is disabled: (1) an individual who is working and engaging in substantial

gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not

disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the

regulations will be considered disabled without consideration of vocational factors; (4) if an

individual is capable of performing her past work, a finding of "not disabled" must be made; (5)

if an individual's impairment precludes her from performing her past work, other factors

including age, education, past work experience, and RFC must be considered to determine if any

other work can be performed.  *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam)

(summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant.

*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The analysis terminates if the

Commissioner determines at any point during the first four steps that the claimant is disabled or

is not disabled.  *Id.*  If the claimant satisfies her burden under the first four steps, the burden

shifts to the Commissioner at step five to show that there is other gainful employment available

in the national economy that the claimant can perform.  *Greenspan v. Shalala*, 38 F.3d 232, 236

(5th Cir. 1994).  This burden may be satisfied either by reference to the Grid Rules, vocational

expert testimony, or other similar evidence.  *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir.

1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the

Commissioner's position is supported by substantial evidence and whether the Commissioner

applied proper legal standards in evaluating the evidence.  *Greenspan*, 38 F.3d at 236; 42 U.S.C.

§§ 405(g), 1383(C)(3).  Substantial evidence is more than a scintilla, less than a preponderance,

and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to

support a conclusion.  *Leggett*, 67 F.3d at 564.  Under this standard, the reviewing court does not

reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their assessment of and citation to the evidence of record. The Court is not under any obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (the movant and opponent of a motion for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment") (quotation omitted).

## III.  ARGUMENT AND ANALYSIS

Plaintiff has filed a brief that does not contain any argument or discussion of the evidence. Instead, she merely lists her medical issues, limiting them to bipolar disorder, depression, anxiety disorder, mental illness, and asthma. Doc. 22 at 1. Liberally construed, Plaintiff appears to argue that substantial evidence does not support the Commissioner's decision. Doc. 22 at 1-2; *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings).

Defendant responds that the ALJ properly assessed Plaintiff's impairments, subjective complaints and RFC and correctly found that the record did not support her statements about her pain level. Doc. 24 at 10-17. Defendant concludes that the ALJ properly found that Plaintiff could perform her past relevant work. Doc. 24 at 18.

Upon consideration of the law, the record, and the parties' arguments, the Court concludes that the ALJ's decision that Plaintiff retained the RFC for light work is supported by substantial evidence. *Leggett*, 67 F.3d at 564. The RFC is an assessment, based on all of the

relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite her impairments. 20 C.F.R. § 416.945(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). RFC refers to the most that a claimant is able to do despite her physical and mental limitations. 20 C.F.R. § 416.945(a). The RFC is considered by the ALJ, along with the claimant's age, education and work experience, in determining whether the claimant can work. 20 C.F.R. § 416.920(f). In assessing a claimant's RFC, the ALJ must consider limitations and restrictions imposed by all the individual's impairments, even those that are not severe. SSR 96-8p; 20 C.F.R. § 416.923.

Here, the ALJ performed a thorough analysis of Plaintiff's condition based on the objective medical evidence, which indicated that while Plaintiff has some mental and physical limitations, they are not disabling. For example, the ALJ noted that during her few mental status examinations, Plaintiff was adequately groomed, cooperative, properly oriented, and had intact memory and attention, fair insight, judgment, and impulse control. Doc. 18-3 at 17. She was prescribed three medications, but failed to keep two follow-up appointments, only appearing as a walk-in at Metrocare nearly a year later. Doc. 18-3 at 17. The ALJ noted that there was only one mention of depression in the record. Doc. 18-3 at 17. Additionally, the ALJ observed that Plaintiff's counsel had limited the issues in his post-briefing hearing to Plaintiff's physical impairments, making no mention of any mental impairments. Doc. 18-3 at 19. Finally, Plaintiff testified at the hearing that, although she was being treated for depression, her main problem was arthritis. Doc. 18-3 at 20.

On this record, the ALJ's determination that Plaintiff could perform light work with minimal mental limitations is supported by substantial evidence. *Leggett*, 67 F.3d at 564; 20 C.F.R. § 416.967(b) ("light work" involves lifting no more than 20 pounds at a time with

6

frequent lifting or carrying of objects weighing up to 10 pounds. Even if the weight lifted may be much less, a job is in this category when it requires a good deal of walking or standing or involves sitting most of the time with some pushing and pulling of arm or leg controls). Plaintiff's mental health records are sparse and do not support a finding that she is disabled due to mental impairments.

Based on the medical evidence of record, the ALJ did not err in concluding that Plaintiff was capable of performing her prior relevant work, all of which was supported by the testimony of the vocational expert who averred that Plaintiff's prior jobs involved light work. Doc. 18-3 at 72-73. In sum, the ALJ's decision was supported by substantial evidence and should be affirmed. *Leggett*, 67 F.3d at 564.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *pro se* motion for summary judgment (as construed from her response to this Court's *Order to Show Cause*), Doc. 22, should be **DENIED**, *Defendant's Motion for Summary Judgment*, Doc. 24, should be **GRANTED**, and the decision of the Commissioner should be **AFFIRMED**.

**SO RECOMMENDED** on March 15, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8